**AMERICAN BANK & TRUST COM-
PANY, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 20425.

United States Court of Appeals
Fifth Circuit.

June 18, 1964.

Alvin B. Rubin and Sanders, Miller, Downing, Rubin & Kean, Baton Rouge, La., for petitioner.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Louis C. LaCour, U. S. Atty., Loring W. Post, Karl Schmeidler, Attys., Dept. of Justice, Washington, D. C., Peter E. Duffy, Asst. U. S. Atty., for respondent.

Before RIVES, JONES and WISDOM, Circuit Judges.

WISDOM, Circuit Judge.

This action is a claim for refund of income taxes. The facts are stipulated. The taxpayer, the American Bank & Trust Company of Baton Rouge, Louisiana, sustained net operating losses in 1954 and 1955 which it carried back to the years 1952 and 1953. The issue is narrow: whether the net operating loss deduction must be calculated according to Section 172 of the Internal Revenue

Code of 1954, as the tapayer maintains, or by Section 122 of the Internal Revenue Code of 1939, as the United States maintains. The district court held for the United States. We affirm.

The pertinent difference between the provisions is that the deduction allowed by Section 122 of the 1939 Code requires the taxpayer to adjust his loss carryovers by the amount of nontaxable income received in the taxable years. The deduction is based on the concept of "economic loss".[1] The 1954 Code partly abandoned this notion. Section 172 of that Code bases the deduction on the concept of "taxable loss". S.Rep.No.1622, 83rd Cong., 2d Sess., pp. 211–212 (3 U.S.C. Cong. & Adm.News (1954) pp. 4621, 4847–4849). Thus, although Section 172 requires certain modifications to be made in order to determine the amount of the net operating loss carried back to the taxable year, none of these includes any adjustment for nontaxable income.

Both Section 122 of the 1939 Code and Section 172 of the 1954 Code involve a three-step computation which is spelled out in the first three subsections of each section. (1) The first step is the calculation of the net operating loss. (2) This is followed by determination of the amount of carryback or carryover. (3)

The final step is the determination of the net operating loss deduction.

The term "net-operating loss" is defined in Section 172(c) of the 1954 Code: "If there is such a loss the extent to which it may be carried back and forward to other years is then determined under Section 172(b). The deduction itself is taken pursuant to Section 172(a), and the extent to which an adjustment must be made is determined by Section 172(b) (2) and Section 172(d). Section 172(b) (2) (A) requires certain adjustments or modifications to be made to the taxable income of the prior taxable year." The losses sustained in 1954 and 1955 are carried back to 1952 and 1953 respectively under the mandate of Sections 172(b) (1) and 172(g) (2) (A). The crucial determination involves the calculation of the carrybacks and the net operating loss deductions.

Under the 1954 Code, the carryback to the earliest possible year includes the entire net operating loss [2] and the deduction allowed is simply the aggregate of all available carrybacks and carryovers.[3] There is no important difference in determining the amount of the carryback under the 1939 Code,[4] but in determining the amount of the actual deduction, Section 122(c) requires the taxpayer to re-

---

1. The computation which is required is spelled out in Section 122(c) of the Internal Revenue Code of 1939.

2. Section 172(b) (2), Internal Revenue Code of 1954:
    "(2) Amount of carrybacks and carryovers.—Except as provided in subsection (f), the entire amount of the net operating loss for any taxable year (hereinafter in this section referred to as the 'loss year') shall be carried to the earliest of the 7 taxable years to which (by reason of subparagraphs (A) and (B) of paragraph (1) such loss may be carried. The portion of such loss which shall be carried to each of the other 6 taxable years shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior taxable years to which such loss may be carried. For purposes of the preceding sentence, the taxable income for any such prior taxable year shall be computed—

"(A) with the modifications specified in subsection (d) other than paragraphs (1), (4), and (6) thereof; and
"(B) by determining the amount of the net operating loss deduction without regard to the net operating loss for the loss year or for any taxable year thereafter,
and the taxable income so computed shall not be considered to be less than zero."

3. Section 172(a), Internal Revenue Code of 1954:
    "(a) Deduction allowed.—There shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year. For purposes of this subtitle, the term 'net operating loss deduction' means the deduction allowed by this subsection."

4. Section 122(b), Internal Revenue Code of 1939.

duce the aggregate of carrybacks and carryovers by the amount of nontaxable income received in the taxable year.

■ There is usually little difficulty in determining the revenue act applicable to any specific year, since the act in force during the taxable year controls unless a later act specifically is made retroactive. This rule is embodied in Section 7851(a) which provides that subtitle A of the 1954 Code (of which Section 172 is a part) shall apply only to taxable years beginning after December 31, 1953.

■ The carryover and carryback provisions are atypical in that they sprawl over a number of years, but the calculation of the loss is governed by the law of the year when the events requiring such a calculation occurred. Reo Motors v. Commissioner of Internal Revenue, 1950, 338 U.S. 442, 70 S.Ct. 283, 94 L.Ed. 245. Although Congress weakened the impact of Section 7851(a) by expressly making Section 172 available for taxable years *ending* after December 31, 1953,[5] it seems to us Congress intended that the deduction for a taxable year ending before December 31, 1953, should be controlled by the 1939 Code (except in the specific ways set forth in the transitional rules of Section 172(g)). Thus, Section 172(e) provides:

"In determining the amount of any net operating loss carryback or carryover to any taxable year, the necessary computations involving any other taxable year shall be made under the law applicable to such other taxable year. The preceding sentence shall apply with respect to all taxable years, whether they begin before, on, or after January 1, 1954."

The Report of the House Committee on Ways and Means, adopted verbatim in the Report from the Senate Finance Committee shows that Congress clearly contemplated the application of Section 172 (e) to the fact situation now before the Court:

"In view of the changes made, it was necessary to provide rules as to how net operating losses sustained in 1954 and subsequent years, and the resulting carrybacks, should be computed when carried back to pre-1954 years, and how pre-1954 losses, and the resulting carryovers, should be computed when carried over to 1954 and succeeding years. The rules provided in subsection (e) thus indicate that the amount of a 1953 loss shall be computed under the 1939 Code, but adjustments to such loss in 1954 and succeeding years to which the loss which has been so computed is carried shall be made under the 1954 Code. Likewise, the amount of any 1954 loss will be computed under the 1954 Code, but *any adjustments to such loss when carried back to 1952 or 1953 will be made under the*

---

5. Section 172(f), Internal Revenue Code of 1954:

"(f) Taxable years beginning in 1953 and ending in 1954.—
In the case of a taxable year beginning in 1953 and ending in 1954—
"(1) In lieu of the amount specified in subsection (c), the net operating loss for such year shall be the sum of—
"(A) that portion of the net operating loss for such year computed without regard to this subsection which the number of days in the loss year after December 31, 1953, bears to the total number of days in such year, and
"(B) that portion of the net operating loss for such year computed under section 122 of the Internal Revenue Code of 1939 as if this section had not been enacted which the number of days in the loss year before January 1, 1954, bears to the total number of days in such year.
"(2) The amount of any net operating loss for such year which shall be carried to the second preceding taxable year is the amount which bears the same ratio to such net operating loss as the number of days in the loss year after December 31, 1953, bears to the total number of days in such year. In determining the amount carried to any other taxable year, the reduction for the second taxable year preceding the loss year shall not exceed the portion of the net operating loss which is carried to the second preceding taxable year."

*provisions of the 1939 Code.*" H. Rep.No.1337, 83rd Cong., 2d Sess., 1954 (3 U.S.C.Cong. & Adm.News (1954), pp. 4017, 4194); Sen.Rep. No.1622, 83rd Cong., 2d Sess., 1954 (3 U.S.C.Cong. & Adm.News (1954), pp. 4621, 4850). (Emphasis added.)

As we read Section 172(e), the year of deduction, the year of *gain*, is "any taxable year" mentioned in the first clause of the first sentence. Section 172 (a) calls for that reading. And that is the year for which the deduction is sought. The remaining part of the sentence seems to apply to all years *but* the taxable year in question. In the context of the facts before us, therefore, in determining the deduction for 1952, all calculations having to do with years other than 1952 are to be made according to the laws in force in such years. Reading 172 (e) literally, we must conclude that it does not specifically control the law which will be applicable in 1952, the taxable year.

Fortunately, there are other indications in the statute leading to the result apparently desired by both congressional committees. The strongest inference comes from Section 172(f), added at the last moment by the Senate Finance Committee. Conference Report, H.Rep.No. 2543, 83rd Cong., 2d Sess., 1954 (3 U.S.C. Cong. & Adm.News (1954), pp. 5280, 5290). This section deals with taxable years which overlap the cut-off point of January 1, 1954. For the purpose of net operating loss deductions, the portion of the taxable year which transpired in 1953 is to be controlled by the 1939 Code while that which is in 1954 is governed by the 1954 Code. The inference is strong that all years wholly prior to 1954 should remain under the 1939 rules. Otherwise Section 172(f) would allow for only an island of time to be governed by the 1939 Code without any apparent rationale for this eccentricity.

The inference that the 1939 Code should control the question before us also arises from the special transitional rules of Section 172(g), although the matter is not dealt with directly. The provisions of subsection (2) are not a model of clarity,[6] but they are prefaced by the phrase "For purposes of section 122 of the Internal Revenue Code of 1939" indicating that for situations where there is a loss in 1954 and a carryback to a prior year, the 1939 Code would apply with the modifications listed in the subsection.

The view that a deduction in the taxable year 1952 or 1953 must be governed by the provisions of the 1939 Code is supported by the Treasury Regulations promulgated under the 1954 Code. The first sentence of Reg. 1.172–1(a) reads: "Section 172(a) allows a deduction in computing taxable income *for any taxable year subject to the Code* the aggregate of the net operating loss carryovers and net operating loss carrybacks to such taxable years." (Emphasis added.) There is no indication that any year ending prior to January 1, 1954, is subject to the Code for the purposes of Section 172. In addition, the Treasury's treatment of Section 172(e) reinforces the interpretation rendered above. Reg. 1.172–1(e) (1) (i) sets forth the rule embodied in Section 172(e) and then *another* section, Reg. 1.172–1(e) (1) (iii), establishes the rule of law controlling in the case before us: "The amount of the net operating loss deduction which shall be allowed for any taxable year shall be determined under the law applicable to that year."

In Herbert J. Kent, 1960, 35 T.C. 30, the Tax Court took a similar approach, placing primary reliance on Section 7851 (a) of the 1954 Code to establish the 1939 Code as the controlling law. The same position was adopted in John S. Taft, T.C. Memo. 1961–230, affirmed on this ground, reversed on another, 9 Cir. 1963, 314 F.2d 620. See also 5 Mertens,

---

6. Section 172(g) (2) (B) was meant to apply only to the situation where a 1954 loss was carried back to 1953 (by way of 1952). H.Rep. No. 1337, 83rd Cong., 2d Sess., 1954 (3 U.S.C.Cong. & Adm. News (1954), p. 4017). Nevertheless, its wording might just as well apply to a 1955 loss being carried back to 1953, a strange result.

Law of Federal Income Taxation §
29.02c.

The taxpayer relies heavily on the recent case of United States v. Whitney
Land Co., 8 Cir. 1963, 324 F.2d 33. The
problem in Whitney was *absorption* after
a carryback to a post-1954 loss to a pre-
1954 gain when the remaining unabsorbed loss was to be carried forward. In
that case there was complete agreement
that the deduction in the pre-1954 years
was governed by the 1939 Code, "that
the amounts of the net operating loss deductions for 1952 and 1953 must be computed under the 1939 Code net operating
loss provisions". Ibid. at 34. See 8
Roehner on Federal Taxation 158, November 29, 1963.

The statutory scheme, the language of
the law, and the legislative history indicate that Section 172 was not intended
to apply to deductions applicable to 1939
Code years, except in the limited situations covered in Section 172(f) and Section 172(g). We hold, Congress intended
that the taxpayer's right to deductions
for 1952 and 1953 is governed by Section
122 of the 1939 Code.

The judgment is affirmed.